UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNELL FREEMAN, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-631 JD |
| WEXFORD OF INDIANA LLC, et al., | |
| Defendants. | |

**OPINION AND ORDER**

While incarcerated at the Miami Correctional Facility, Mr. Freeman suffered a serious head injury following a fall from a top bunk. As a result, Mr. Freeman filed a lawsuit alleging negligence under Indiana law and violations of his Eighth and Fourteenth Amendment rights. In his original complaint, Mr. Freeman named as defendants Robert Carter, the Commissioner of the Indiana Department of Corrections; William Hyatt, the Warden of the Miami Correctional Facility; Wexford of Indiana; John Does 1–50 in their capacities as Miami Correctional Facility officers and employees; and John Roes 1–50 in their capacities as Wexford employees. (DE 1, Compl.) Since then he has amended the complaint twice. The first amended complaint had the same defendants (DE 21, Amended Compl.), but, in the second amended complaint, he replaced John Does 1–50 and John Roes 1-50 with the twenty-seven Miami Correctional Facility Officers and forty-three Wexford Employees, respectively. (DE 120, 2nd Am. Compl.)

As of August 12, 2021, no counsel had entered appearance on behalf of the correctional officers and it was unclear from the filings on the docket whether the correctional officers had actually been served. As a result, the Court ordered Mr. Freeman's counsel to either file proof

that correctional officers had been served or show cause why they should not be dismissed for lack of proper service. (DE 174 at 2.)

Mr. Freeman's counsel responded to the Court's order by stating that the "26 DOC Defendants were served on November 4, 2020,"[1] and referring the Court to docket entry 143. (DE 187 ¶ 4.) Docket entry 143 is the proof of service form used in this district. The form is filled out by Ryan Harmless, who states that he received the summons for "all named State Employee Defendants" and served them "via certified mailing tracking number . . . 9833 . . . ." (DE 143 at 1.) Attached to the form is a receipt from the United States Postal Service showing that the mailing was received at the Miami Correctional Facility. (DE 143 at 2.) In her response, counsel also stated that, although Mr. Freeman believes that the DOC Defendants had already been properly served, "Mr. Freeman has again made attempts to serve all 27 of the DOC Defendants." (DE 187 ¶ 10.)

Meanwhile, eighteen of the twenty-seven officers named in the caption of the complaint filed a motion asking to strike Plaintiff's newly issued summons as belated under Rule 4 and to dismiss the case against them. These officers are: Nathaniel Angle, Trevor Heishman, Matthew Huffman, Matthew Morson, Dennis Mygrant, Nikkie Neal, Caleb Nelson, Carol Perkins, Andru Sams, Joshua Snow, David Wolfe, Elliot Corner, Marty Workman, Lawrence Schoettmer, Lori Hazlett, Buford Nice, and Shawna Morson. While objecting to the new summons, these officers do not say that they did not receive the original summons. Instead, they appear to assume that the Court's August 12, 2021, order inquiring about the status of service signifies that they were not properly served. (*See, e.g.*, DE 202 at 2 ("Plaintiff seemingly was unable to perfect service of process on IDOC employees.") Consequently, they argue that Mr. Freeman's counsel has not

---

[1] The second amended complaint actually lists 27 correctional officers as defendants in this case.

shown good cause for the lack of original service and her subsequent attempt to perfect service is void because it took place long after the 90 days within which Rule 4 requires service.

The Court finds that the officers' motion to dismiss must be denied. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). "To make a prima facie showing, the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut." *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010). Here, in response to the Court's order, Mr. Freeman has identified a signed proof of service for "all named State Employee Defendants." (DE 143.) And although, as filled out, this proof of service is confusing, it does state that all defendants were served via mail at the Miami Correctional Facility. Defendants provide no strong and convincing evidence to the contrary. Instead, they assume that the Court was challenging the validity of the original service and thus insist that Mr. Freeman show good cause. But they skip a step and want to place a burden upon Mr. Freeman before meeting their own burden required to call the validity of service into question. It is insufficient for the officers to merely allege that "[n]o service was perfected" in order to get this case dismissed; rather, they must provide some evidence refuting the validity of service which they failed to do. *See* 1 James Wm. Moore et al., Moore's Federal Practice § 4.100 (3d ed. 2020) ("If the defendant challenges service, the plaintiff bears the initial burden of proving that service of process was properly made. But a filed proof of service satisfies that initial burden, and a mere allegation by defendant that process was not served, without some additional evidence, is insufficient to refute the validity of an affidavit of service. Thus, after plaintiff files proof of service, a defendant refuting the validity of service

bears the burden of proof to overcome prima facie evidence of proper service."). Accordingly, the Court DENIES their motion to dismiss (DE 202). Of course, in light of the original service, the new summons are duplicative and unnecessary, but harmless. Accordingly, the Court will not strike them.

SO ORDERED.

ENTERED: September 28, 2022

                                                /s/ JON E. DEGUILIO
Chief Judge
United States District Court