UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNELL FREEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-631-JD-MGG |
| NATHANAEL D. ANGLE, et al., | |
| Defendants. | |

OPINION AND ORDER

Vernell Freeman, a prisoner without a lawyer, is proceeding in this case on four claims. First, he is proceeding against Classification Specialist Nikki Neal "in her individual capacity for compensatory and punitive damages for assigning Mr. Freeman to a top bunk on April 28, 2018, even though he had a bottom bunk pass for medical reasons in violation of the Eighth Amendment[.]" ECF 242 at 10. Second, he is proceeding "against NP Kimberly Myers in her individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after he suffered a head injury on August 30, 2018, and after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Dr. Noe Marandet in his individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment[.]" *Id.* Fourth, he is proceeding "against Lt. Joshua Snow and Unit Team Manager Nathanael Angle in their

individual capacities for compensatory and punitive damages for gratuitously inflicting pain by removing the towel from his head on July 18, 2018, in violation of the Eighth Amendment[.]" *Id.* at 11.

Lt. Snow, Unit Team Manager Angle, and Classification Specialist Neal (the "state defendants") filed a motion for summary judgment, arguing Mr. Freeman did not exhaust his administrative remedies before filing this lawsuit. ECF 259. Mr. Freeman filed a response, and the state defendants filed a reply. ECF 281, 282. The summary judgment motion is now fully briefed and ripe for ruling.[1]

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

---

[1] The medical defendants filed a motion to dismiss, contending that they have not been properly served. ECF 273. That motion will be decided in a separate order.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

*Classification Specialist Neal*

Mr. Freeman is proceeding against Classification Specialist Neal, the former Release Assistant/Coordinator for the Classifications Department at Miami Correctional Facility, for violating his Eighth Amendment rights by "assigning Mr. Freeman to a top bunk on April 28, 2018, even though he had a bottom bunk pass for medical reasons." ECF 242 at 10. Classification Specialist Neal argues Mr. Freeman did not exhaust this claim before filing this lawsuit because he never submitted a Classification Appeal challenging his April 28 bed assignment, which was the only way for him to exhaust this claim. ECF 260 at 5. Specifically, Classification Specialist Neal attests to the following facts: Classification decisions, which include bed assignments

3

and bed moves, are not "grievable" through the Offender Grievance Process and must be appealed through the Classification Appeals process. ECF 259-1 at 1-2. In order to exhaust the Classification Appeals process, an inmate must submit a "Classification Appeal" form within ten business days of receiving the classification decision. *Id.* at 2; ECF 259-3 at 10. Classification Specialist Neal then forwards the Classification Appeal to the Warden, who renders a final decision on the appeal. ECF 259-1 at 2; ECF 259-3 at 10-11. Records of an inmate's Classification Appeals are kept in his offender packet, and Mr. Freeman's offender packet contains no record he ever filed any Classification Appeal related to his April 28 bed assignment. ECF 259-4 at 2.

In his response, Mr. Freeman does not dispute that he never submitted any Classification Appeal regarding his April 28 bed assignment. ECF 281. The court therefore accepts that as undisputed. Instead, Mr. Freeman argues that, because he had a bottom bunk pass and Classification Specialist Neal ignored his medical needs by assigning him to a top bunk, the Classification Appeal process was not applicable and he was instead required to exhaust a grievance through the Offender Grievance Process. ECF 281 at 1-2. Specifically, Mr. Freeman argues that, once he fell from his top bunk and injured his head, the Classification Appeal process was no longer applicable and he was instead required to submit a grievance. *Id.*[2]

---

[2] Mr. Freeman asserts he submitted a timely grievance, but does not provide a copy of this grievance or explain what happened with the grievance. ECF 281. He includes, instead, a Request for Healthcare form he submitted the day he was reassigned, stating, "I've been placed on the top range, top bunk in which I believed I have a bottom pass, please help!" *Id.* at 4. A healthcare request does not take the place of a grievance or a Classification Appeal. Further, the defendants reply with an affidavit from the prison's Grievance Specialist, who attests the prison has no record of ever receiving any relevant grievance from Mr. Freeman. ECF 282-1 at 5.

4

Here, the undisputed facts show that Mr. Freeman's claim against Classification Specialist Neal could only be exhausted through the Classification Appeals process, not the Offender Grievance Process. Specifically, the Offender Grievance Process expressly states that "Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves" are not grievable issues, as "a separate classification appeals process is in place for this purpose[.]" ECF 259-2 at 4. Therefore, Mr. Freeman's claim that Classification Specialist Neal violated his Eighth Amendment rights by assigning him to a top bunk was not grievable through the Offender Grievance Process, and could only be exhausted through the Classification Appeals process. Moreover, the fact that Mr. Freeman later injured himself by falling from the bunk did not render his claim against Classification Specialist Neal grievable. *See Miles v. Anton*, 42 F. 4th 777, 781 (7th Cir. 2022) (The Offender Grievance Process "categorizes *actions* as grievable or non-grievable without regard for their motivating reasons or downstream consequences") (emphasis in original). Thus, because the undisputed facts show that (1) Mr. Freeman's claim against Classification Specialist Neal could only be exhausted through the Classification Appeals process, and (2) Mr. Freeman never submitted any Classification Appeal, it is undisputed that Mr. Freeman did not exhaust his available administrative remedies before filing this lawsuit. Any dispute regarding whether Mr. Freeman submitted an Offender Grievance is therefore immaterial. Summary judgment is warranted in favor of Classification Specialist Neal.

5

*Lt. Snow and Unit Team Manager Angle*

Mr. Freeman is proceeding against Lt. Snow and Unit Team Manager Angle "for gratuitously inflicting pain by removing the towel from his head on July 18, 2018, in violation of the Eighth Amendment[.]" ECF 242 at 11. Lt. Snow and Unit Team Manager Angle argue that because Mr. Freeman did not exhaust his claim against Classification Specialist Neal, he likewise did not exhaust his claim against them, as his claim against them is "derivative" of his claim against Classification Specialist Neal. ECF 260 at 5-6. Specifically, Lt. Snow and Unit Team Manager Angle argue that Mr. Freeman's claim against them "is derivative of his claim against Ms. Neal, as the head injury that led to Mr. Freeman's stay in the infirmary in July of 2018 was allegedly caused by Ms. Neal assigning him a top bunk." *Id.* They conclude that: "As Mr. Freeman failed to exhaust his administrative remedies related to the claim from which his allegations against Lt. Snow and Mr. Angle stem, his derivative claims against Lt. Snow and Mr. Angle should be dismissed as well." *Id.* at 6.

Here, Mr. Freeman's claim that Lt. Snow and Unit Team Manager Angle violated his rights by removing a towel from his head in July 2018 is not "derivative" of his claim that Classification Specialist Neal violated his rights by assigning him to a top bunk in April 2018, as it is possible that Mr. Freeman could have exhausted one claim while not exhausting the other. Specifically, it appears from the record that Mr. Freeman's claim that Lt. Snow and Unit Team Manager Angle gratuitously inflicted pain by removing a towel from his head was grievable through the Offender Grievance Process, as it relates not to his bed assignment but to independent conduct of Lt. Snow

6

and Unit Team Manager Angle. *See* ECF 259-2 at 3 (listing "Actions of individual staff" as grievable conduct). The fact that the injury precipitating Mr. Freeman's stay in the infirmary was caused by falling from a top bunk did not render Mr. Freeman's claim that Lt. Snow and Unit Team Manager Angle gratuitously inflicted pain on him in the infirmary as non-grievable. Lt. Snow and Unit Team Manager Angle provide no evidence regarding whether Mr. Freeman exhausted, or attempted to exhaust, any grievance related to his claim they violated his Eighth Amendment rights by gratuitously inflicting pain on July 18, 2018. Therefore, Lt. Snow and Unit Team Manager Angle have not met their burden to show Mr. Freeman did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be denied.

Lastly, Lt. Snow and Unit Team Manager Angle argue Mr. Freeman's claim against them should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. ECF 260 at 6-7. Specifically, they argue Mr. Freeman's claim against them is barred by 42 U.S.C. § 1997e(e) because he does not allege they caused him any physical injury. *Id.* at 7. Section 1997e(e) states:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . ..

However, § 1997e(e) acts as a limitation on the types of damages a prisoner may recover in cases without physical injury, not as a bar to suit. *See Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) ("On several occasions we have explained that § 1997e(e) may limit

7

the relief available to prisoners who cannot allege a physical injury, but it does not bar their lawsuits altogether."). And, anyway, physical pain can be a physical injury for purposes of § 1997e(e). *See Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (*citing Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012)) ("Gray's summary judgment materials, we conclude, present triable issues of fact for a jury, which must determine the degree of both physical and psychological harm he suffered as a result of the infestations and dirt. If the jury finds that Gray suffered only psychological harm, he will be limited to nominal and punitive damages."). Mr. Freeman alleged in his complaint that (1) his eyes were sensitive to light, (2) he was losing his eyesight, (3) he was in "excruciating pain" due to light sensitivity, (4) a nurse allowed him to lay on the floor and place a towel over his eyes because of light sensitivity, and (5) the defendants needlessly removed the towel from his eyes. ECF 236 at 6. Thus, Mr. Freeman's complaint plausibly alleges the defendants caused him to experience more pain than he otherwise was experiencing by removing the towel from his eyes, which is sufficient for purposes of § 1997e(e). Lt. Snow and Unit Team Manager Angle's request to dismiss under Rule 12(b)(6) will be denied.

    For these reasons, the court:

    (1) GRANTS the state defendants' motion for summary judgment (ECF 259) as to Mr. Freeman's claim against Classification Specialist Neal, but DENIES the state defendants' motion for summary judgment and request for Rule 12(b)(6) dismissal as to Mr. Freeman's claim against Lt. Snow and Unit Team Manager Angle;

8

(2) DISMISSES Classification Specialist Nikki Neal from this action; and

(3) REMINDS the parties this case is now proceeding only on Mr. Freeman's remaining claims:

- a. against NP Kimberly Myers in her individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after he suffered a head injury on August 30, 2018, and after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment;

- b. against Dr. Noe Marandet in his individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment; and

- c. against Lt. Joshua Snow and Unit Team Manager Nathanael Angle in their individual capacities for compensatory and punitive damages for gratuitously inflicting pain by removing the towel from his head on July 18, 2018, in violation of the Eighth Amendment.

SO ORDERED on July 25, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT