UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNELL FREEMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-631-JD-MGG |
| NATHANAEL D. ANGLE, JOSHUA SNOW, KIMBERLY MYERS, and NOE MARANDET, | |
| Defendants. | |

OPINION AND ORDER

Vernell Freeman, a prisoner without a lawyer, filed an amended complaint. ECF 294. At this stage of the case, he needs leave of court to file an amended complaint, *see* Fed. R. Civ. P. 15(a), and so the court construes the amended complaint to contain a motion for leave to amend. Because the amended complaint does not change the claims in this lawsuit, the court will deny the motion.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Mr. Freeman has previously been granted leave to proceed on four claims: (1) "against Nikki Neal in her individual capacity for compensatory and punitive damages for assigning Mr. Freeman to a top bunk on April 28, 2018, even though he had a bottom bunk pass for medical reasons in violation of the Eighth Amendment;" (2) "against NP Kimberly Myers in her individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after he suffered a head injury on August 30, 2018, and after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment;" (3) "against Dr. Noe Marandet in his individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment;" and (4) "against Lt. Joshua Snow and Unit Team Manager Nathanael Angle in their individual capacities for compensatory and punitive damages for gratuitously inflicting pain by removing the towel from his head on July 18, 2018, in violation of the Eighth Amendment[.]" ECF 242 at 10-11.

The claim against Nikki Neal for assigning Mr. Freeman to a top bunk despite the bottom bunk pass was dismissed for failure to exhaust administrative remedies before filing suit as required by 42 U.S.C. § 1997e. *See* ECF 284. In this amended

complaint, Mr. Freeman seeks to hold the Medical Defendants, NP Myers and Dr. Marandet, liable for his placement on a top bunk based on allegations that he submitted a request for healthcare about the bed assignment, but neither intervened to correct the mistake. ECF 294 at 4. This healthcare request is not a basis for holding the Medical Defendants liable for his bed assignment; after NP Myers issued the bottom bunk pass, the Medical Defendants' role in the matter was over. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen."). Bed assignments are outside the scope of the Medical Defendants' duties at the prison.

Mr. Freeman also seeks to hold Dr. Marandet responsible for NP Myers' treatment decisions after the fall. ECF 294 at 5. He is already proceeding against NP Myers for continuing him on a blood thinner after his April 30, 2018, fall, and he seeks to hold Dr. Marandet liable for her decision to increase his dosage of Excedrin migraine on May 18, 2018, when the lower dose did not help his symptoms. He states, "Dr. Noe Marandet, still, should have been aware of what his staff was doing and prescribing." *Id.* Dr. Marandet cannot be held responsible for the decisions of those he supervises if he had no involvement in or knowledge of the decision. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but

3

not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Thus, Mr. Freeman may not proceed against Dr. Marandet on this basis.

Next, Mr. Freeman seeks to add a medical claim to the claim against Lt. Snow and Unit Team Manager Angle for gratuitously inflicting pain by removing the towel from his head on July 18, 2018. ECF 236 at 6-7. He alleges that they were deliberately indifferent to his serious medical needs when they took the towel off his face, accused him of being on drugs, and laughed when he vomited. Taking the towel off his face is already the basis of the claim for gratuitously inflicting pain on him, so allowing him to proceed on a medical claim on the same facts is redundant and unnecessary. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim."); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection."). Similarly, while it is unprofessional for them to accuse Mr. Freeman of being high on drugs and laughing at his distress, at this point he was already under the care of medical professionals and their actions did not interfere with his medical care. Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on*

4

*other grounds by Savory v. Cannon*, 947 F.3d 409, 422 (7th Cir.), *cert. denied*, 141 S. Ct. 251, 208 L. Ed. 2d 24 (2020); *see also Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners.").

Therefore, the court will deny Mr. Freeman leave to file an amended complaint. Allowing the amended complaint would be futile because it would not change the claims against the defendants and would only delay the case.

For these reasons, the court DIRECTS the clerk to edit the docket to reflect that the amended complaint (ECF 294) is a Motion for Leave to File an Amended Complaint and DENIES the motion.

SO ORDERED on September 25, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT