UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNELL FREEMAN, <br><br> Plaintiff, <br><br> v. <br><br> NATHANAEL D. ANGLE, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-631-JD-MGG |

OPINION AND ORDER

Vernell Freeman, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against NP Kimberly Myers in her individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after he suffered a head injury on August 30, 2018, and after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment[.]" ECF 242 at 10. Second, he is proceeding "against Dr. Noe Marandet in his individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Lt. Joshua Snow and Unit Team Manager Nathanael Angle in their individual capacities for compensatory and punitive damages for gratuitously inflicting pain by removing the towel from his head on July 18, 2018, in violation of the Eighth Amendment[.]" *Id.* at 11.

Freeman filed a motion for summary judgment against Lt. Snow and Unit Team Manager Angle (the "state defendants"), and the state defendants filed a response. ECF 334, ECF 340. The state defendants then filed a cross motion for summary judgment. ECF 336.[1] With the motion, the state defendants provided Freeman the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 339. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but Freeman has not responded. Therefore the court will now rule on both pending summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

---

[1] The medical defendants have not yet moved for summary judgment.

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id.* at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Id.* (citing *Whitley*, 475 U.S. at 321).

The parties do not dispute the relevant facts. Specifically, Freeman provides an affidavit, in which he attests to the following facts: On June 8, 2018, Freeman received a CT scan which showed he had a small subdural hematoma on his brain due to a fall

from a top bunk. ECF 335 at 1. On July 17, 2018, Freeman was seen by a nurse because his head was hurting and he couldn't see out of his right eye. *Id.* at 2. Later that day, Freeman experienced symptoms consistent with a seizure. *Id.* On July 18, 2018, Freeman was allowed by nurses to lay on a mattress in the nurses' station and was given a towel to place over his eyes because he was sensitive to light. *Id.* While Freeman was lying in the nurses' station with a towel over his eyes, Unit Team Manager Angle and Lt. Snow came up to him, asked him if he was on drugs, and removed the towel from his eyes, which caused him pain due to his light sensitivity. *Id.* at 2-3.

Unit Team Manager Angle and Lt. Snow filed affidavits, in which they attest to the following facts: On July 18, 2018, an ID count was called which required prison staff to check each inmate's ID to ensure it matched his face. ECF 336-2 at 3. While performing the ID count, Unit Team Manager Angle and Lt. Snow went to the infirmary to check the inmate's IDs. *Id.* When they arrived at the infirmary, they observed Freeman lying on the floor with a towel covering his face. *Id.* Neither defendant knew why Freeman had the towel on his face. *Id*; ECF 336-3 at 3. Lt. Snow asked Freeman if he was under the influence of drugs. ECF 336-3 at 3. Unit Team Manager Angle asked Freeman to remove the towel so they could confirm his identity. ECF 336-2 at 3. Freeman refused and asked "who are you to tell me what to do." *Id.* at 3. Unit Team Manager Angle advised Freeman he was a Casework Manager and gave him a direct order to remove the towel from his face, but Freeman again refused. *Id.* Unit Team Manager Angle then walked over to Freeman, pulled the towel away from his face, and confirmed his face matched his ID. *Id.* Unit Team Manager Angle only touched the

4

towel, and did not physically touch Freeman's body. *Id.* Once the ID check was complete, Unit Team Manager Angle returned the towel to Freeman and walked away. *Id.* at 4. Because neither party disputes these facts, the court accepts them as undisputed.

Freeman argues summary judgment is warranted in his favor because the state defendants maliciously removed the towel from his face without adequately assessing the situation. ECF 334 at 3-4. Specifically, he argues that if the state defendants had asked medical staff about his condition before removing the towel, medical staff would have informed them he had a small subdural hematoma, had possibly suffered a seizure, had extreme light sensitivity, and was permitted to place a towel over his eyes to lessen the pain. *Id.* at 3.

The state defendants argue summary judgment is warranted in their favor because they had no desire or intention to harm Freeman and didn't know removing the towel would cause him any pain. ECF 337 at 5-6. Specifically, both state defendants attest they were not familiar with Freeman's medical issues, did not know why he was in the infirmary that day, had no reason to believe removing the towel from his face would cause him pain, and had no reason or desire to harm him. ECF 336-2 at 4; ECF 336-3 at 3.

Here, there is no evidence by which any reasonable jury could conclude the state defendants removed the towel from Freeman's face "maliciously and sadistically to cause harm." Specifically, the state defendants provide undisputed evidence they removed the towel as part of their normal duties to maintain order in the prison, as it is

5

undisputed they: (1) were performing an ID check when they came upon Freeman lying in the infirmary with a towel over his face; (2) ordered Freeman to remove the towel so they could check his ID, and he refused the orders; and (3) physically removed the towel from Freeman's face without making contact with his body, confirmed his ID, and returned the towel. Considering the factors laid out in *McCottrell*, the state defendants used only as much force as was necessary to check Freeman's ID, and limited the severity of the force by immediately returning the towel and avoiding physical contact with his body. The record contains no evidence supporting "a reliable inference of wantonness in the infliction of pain," particularly where there is no evidence either defendant had any reason to know removing the towel would cause Freeman pain. Freeman argues they should have asked medical staff about his condition before removing the towel, but he provides no evidence their failure to do so shows they intended to cause him harm. Moreover, Freeman had several opportunities to inform the defendants of his light sensitivity, but there is no evidence he did so. Because the undisputed facts show the state defendants removed the towel as part of their duties and had no reason to know it would cause Freeman pain, no reasonable jury could conclude they removed the towel "maliciously and sadistically to cause harm." *See Hendrickson*, 589 F.3d at 890. Summary judgment is therefore warranted in their favor.

  For these reasons, the court:

  (1) DENIES Vernell Freeman's motion for summary judgment (ECF 334);

  (2) GRANTS the state defendants' motion for summary judgment (ECF 336);

6

(3) DISMISSES Lt. Snow and Unit Team Manager Angle from this action; and

(4) REMINDS the parties this case is now proceeding only on Mr. Freeman's remaining claims:

- a. against NP Kimberly Myers in her individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after he suffered a head injury on August 30, 2018, and after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment; and

- b. against Dr. Noe Marandet in his individual capacity for compensatory and punitive damages for continuing Mr. Freeman on a medication containing a blood thinner after a CT scan revealed a subdural hematoma on his brain on June 8, 2018, in violation of the Eighth Amendment.

SO ORDERED on May 8, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT